

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00123-CV

**IN RE VGP HOLDINGS, LLC**, Relator

Original Proceeding[1]

PER CURIAM

Sitting:      Irene Rios, Justice
                Lori Massey Brissette, Justice
                Velia J. Meza, Justice

Delivered and Filed: May 21, 2025

PETITION FOR WRIT OF MANDAMUS DENIED AS MOOT

On February 24, 2025, relator VGP Holdings, LLC filed an original proceeding in this court seeking a writ of mandamus instructing the district court to overturn its February 14, 2025 order granting real party in interest, Kappa Texas Oil Corp., an ex parte temporary restraining order (TRO). Relator also filed an emergency motion for temporary relief seeking a "stay of the trial court's February 14, 2024 Temporary Restraining Order," and a mandamus record.

Later that same day, the real party in interest filed a response to the emergency motion and a supplement to the mandamus record. *See* TEX. R. APP. P. 52.7(b). On March 4, 2025, the real party in interest filed a supplemental response to the emergency motion and a second and third supplement to the mandamus record. After reviewing the mandamus petition, the emergency

---

[1]This proceeding arises out of Cause No. 2025CI03426, styled *Kappa Texas Oil Corp. v. VGP Holdings LLC et al.*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Rosie Alvarado presiding.

motion, the mandamus record, the supplemental mandamus records, and the response to the emergency motion, we concluded relator was not entitled to the relief sought in its emergency motion and denied the motion.

On March 21, 2025, relator filed a fourth supplement to the mandamus record, followed by a fifth supplement on May 5, 2025. The May 5, 2025 supplement to the mandamus record shows that on April 22, 2025, the trial court lifted the real party in interest's TRO and denied its motion for a temporary injunction.

After considering the petition, the emergency motion, the response, the supplemental response, and the mandamus record and supplements thereto, we conclude relator's petition for writ of mandamus is now moot. Accordingly, we deny as moot the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), (d).

PER CURIAM